## Commonwealth v. American Creosoting Co.

March 7, 1944.

Smith & Leary, Wm. H. Pittman and Samuel M. Rosenstein for appellant.

Woodward, Dawson & Hobson for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Franklin circuit court sustaining a special demurrer to the Commonwealth's petition invoking the processes of the court to compel the defendant, American Creosoting Company, to permit representatives of the Department of Revenue to examine its books, accounts, records, and documents for the purpose of obtaining information concerning its liability for taxes. The proceedings leading up to this litigation, briefly stated, are these:

On or about November 6, 1942, the Commonwealth of Kentucky, by its Commissioner of Revenue, filed in the Jefferson county court a statement wherein it sought to assess certain intangible personal property allegedly owned by the defendant, American Creosoting Company, on the first day of July, 1939, 1940, and 1941. On April 20, 1943, the case was tried in the Jefferson county court, and a judgment was entered in favor of the Commonwealth assessing the property described in the statement at the valuation therein set out and fixing the amount of taxes, interest, and penalties at $122,886.57. Thereafter the defendant appealed from the judgment of the Jefferson county court to the Jefferson circuit court. While the case was pending in the latter court, the Department of Revenue wrote to the American Creosoting Company requesting permission for one of its representatives to examine and transcribe certain records, documents, files, and papers in possession of the defendant. The American Creosoting Company refused to grant the permission requested, and thereupon this action was filed in the Franklin circuit court to compel compliance with the request of the Department of Revenue.

The Commonwealth bases its right to apply to the Franklin circuit court for the relief sought, notwithstanding the pendency of the suit in the Jefferson circuit court, on KRS 131.130, which, so far as pertinent here, reads:

"Without limitation of other duties assigned to it by law, the following powers and duties are vested in the Department of Revenue: * * *

"(2) The department, by representatives appointed by it in writing, may take testimony or depositions, and may examine the records, documents, files and equipment of any taxpayer or of any person whose records, documents or equipment will furnish knowledge concerning the tax liability of any taxpayer, when it deems this reasonably necessary for purposes incident to the performance of its functions. The department may enforce this right by application to the circuit court in the county wherein the person is domiciled or has his principal office, or by application to the Franklin circuit court, which courts may compel compliance with the orders of the department.''

KRS 131.130 deals exclusively with the administrative powers of the Department of Revenue, and the quoted section was intended to give to the department means of obtaining information to enable it to make the assessments directed by law. Until the assessment is made and the circuit court of the county in which it is sought to be enforced has acquired jurisdiction by appeal from the county court this section applies, but it was not intended to alter or supplant existing court procedure where the circuit court of the county "wherein the person is domiciled or has his principal office" has acquired jurisdiction for the purpose of determining the correctness of the assessment made by the county court. The statute, as interpreted by appellant, would tend to cause delay and complicate the procedure, a result certainly not intended by the Legislature. The purpose of the act is to aid the Department of Revenue in performing its administrative duties and not to affect any provision of the Civil Code of Practice relative to court procedure. When an assessment has become the subject of litigation in a circuit court, there is no need for such an act. The Civil Code of Practice provides an ample remedy. A subpoena duces tecum can be obtained from the court where the action is pending, and the books and records, which appellant in the present action seeks to compel the appellee to produce, can be examined. Undoubtedly, the court would afford the applicant for the writ ample opportunity to examine the documents produced, and an orderly procedure, as con-

templated by the Civil Code of Practice, would result. KRS 131.130 was not intended as a substitute for section 528 of the Civil Code of Practice.

The judgment is affirmed.

Whole court sitting.